UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NUMBER |
| v. | ) | |
| | ) | 1:14-CR-197-SCJ-LTW |
| ISMAIL ALI KHAN, | ) | |
| | ) | |
| Defendant | ) | |

## APPEAL OF DETENTION ORDER

Defendant, Ismail Ali-Khan, urges the court to conduct a *de novo* review of the detention order entered by Magistrate Janet King in this case (Doc. 36) and to set conditions of release that will adequately assure Mr. Khan's presence at trial.

1. Mr. Khan was arrested on May 28, 2013 and charged with conspiracy and substantive counts relating to the importation of various products that he and others imported from China and which were sold to various wholesalers who then sold the products to convenient stores.  The indictment alleges a violation of the general conspiracy statute (18 U.S.C. § 371) as well as certain "misbranding" offenses dealing with the labeling of certain products.  The indictment also alleges a violation of the false statement statutes that makes it an offense to make any material false statement on a naturalization document (i.e., paperwork associated with becoming an American citizen).

1

2.  The indictment alleges that some of the products that were imported by Mr. Khan were mislabeled and importing these products and distributing them in the United States violated various provisions of the Food, Drug and Cosmetic Act.

3.  The products imported were, in some instances, "drugs" (e.g., some of the products contained pharmaceutical ingredients), but in no instance is it alleged that any of the controlled substances were banned, or listed as a narcotic, or other illegal drug.[1]

4.  The naturalization false statement charges (counts 10 – 21), essentially charge that Ismail Ali Khan was aware that he was committing the offenses in counts 1 – 9, and that when he filled out certain paperwork in connection with his naturalization, he falsely stated that he was not aware of any crime he had committed for which he had not been arrested.

5.  None of the charges in the indictment allege an offense that triggers a presumption of detention pursuant to 18 U.S.C. § 3142.  The misbranding offenses, as noted, are essentially fraud offenses and the naturalization offense does not allege any fact that would trigger a presumption. Consequently, the government has the burden of proving that no

---

[1]  The United States Sentencing Commission lists these offenses under the Fraud guidelines, not the Drug guidelines.

condition of release will reasonably assure the court that the defendant will appear at trial.

6. At the detention hearing conducted before Magistrate King on June 3, 2014, the government proceeded by way of "proffer."  No live testimony was presented.

7. The government argued at the detention hearing – with no evidence whatsoever to support the argument – that Ismail Ali Khan had engaged in a fraudulent marriage for the purpose of supporting his efforts to become an American citizen.  This specious argument formed one of the bases for the decision by Magistrate King to deny bond.  In fact, however, Mr. Ali Khan married Samantha Gail Hendrix on May 20, 2010.  This marriage followed a courtship that began a year earlier when Mr. Khan was a student at Kennesaw State University and Ms. Hendrix was one of his tutoring students (Ms. Hendrix went to KSU for help in completing her GED).  Ms. Hendrix and Mr. Khan remain married to this day.  They file joint tax returns.  She has provided an affidavit to the defense that categorically denies the unsupported allegation by the government that this was a fraudulent marriage.  That affidavit is attached as Exhibit "A".

8. As the detention hearing was about to begin, the government provided to the defense certain travel documents that purported to show that Mr. Khan had extensive world-wide travel. Needless to say, there was no opportunity for the defense to respond to this evidence.  In fact, during the hearing when Mr. Khan attempted to explain to undersigned counsel the nature of his travel, the Magistrate interrupted the proceedings and instructed Mr. Khan not to speak so loud during the government's presentation.  After carefully reviewing the documents, it is apparent that there is absolutely nothing suspicious about Mr. Khan's travels and these travels present no evidence to support detention.  On two occasions, Mr. Khan visited his sister who resides in Copenhagen.  On both occasions, Mr. Khan stayed with his sister and the defense is prepared to introduce pictures and other documents that show that Mr. Khan was visiting his sister shortly after the birth of her child (Mr. Khan's nephew).

9. Two other trips involved visits to Mr. Khan's father, who was dying in India (one trip was to attend his father's funeral).  The government's presentation to the court implied that he had taken trips to Amsterdam and Dubai.  But this presented his trips in a false light.  The government already had Mr. Khan's passport and could easily have determined that these were simply stopping points on the aircraft on the way to India.

(The travel documents simply showed the first airport at which his flight landed when it left the United States and the airport on which the last leg of his return trip began).

10. The Magistrate also postulated that there is "unreported income."  The defense has no idea what basis the Magistrate had for asserting that there was "unreported income."  In fact, as the defense argued at the detention hearing, both Mr. Khan and his corporation have filed tax returns that document the corporation's income, as well as his personal income. (These tax returns will be presented to the court at the time of a *de novo* hearing and are not attached to this motion for privacy reasons).  If the government requests, a copy of the tax returns will be made available to the government in advance of the hearing.

11. The Magistrate's other reason for denying bond was because of the way the business was operated: "use of multiple storage facilities rented in numerous business names and conducting business operations in the storage facilities." These facts bear no relationship to the likelihood of flight and certainly do not establish by a preponderance of the evidence that there are no conditions that will reasonably assure Mr. Khan's presence at trial.  In fact, the indictment is clear that Ismail Khan regularly used his own name and his correct address in renting mail

5

boxes at UPS facilities to which shipments of the merchandise was shipped.

12. Mr. Khan has no criminal record.  This case does not involve any violence, no obstruction of justice of any kind is alleged and there is no suggestion anywhere in the record that Mr. Khan does not have the intention of remaining in the United State after having undergone the rigors of applying for, and receiving, citizenship. The fact that the government now claims that at some time Mr. Khan had violated the law and that he knew he had violated the law; and that when asked if he had every violated the law but *not* been arrested, he responded, "no" – these facts provide no basis for detaining him prior to trial in a case that involves allegations of misbranding products that were imported into the United States for sale in convenient stores.

For the foregoing reasons, the defense urges the court to set this matter down for a *de novo* evidentiary hearing at the earliest practical date and to Order that Mr. Khan be released pending trial.

RESPECTFULLY SUBMITTED,

**GARLAND, SAMUEL & LOEB, P.C.**

/s/ *Donald F. Samuel*
_____
DONALD F. SAMUEL
Georgia Bar No. 624475

6

Attorney for Defendant

3151 Maple Drive, N.E.
Atlanta, GA  30305
Phone: 404-262-2225
Fax:  404-365-5041
dfs@gsllaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Indictment No. |
| v. | ) | |
| | ) | 1:14-cr-00197-SCJ-LTW |
| ISMAIL ALI KHAN | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the within and foregoing **APPEAL OF DETENTION ORDER** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the attorneys of record.

This the 19th day of June, 2014.

/s/ *Donald F. Samuel*
_____
DONALD F. SAMUEL
Georgia Bar No. 624475
Attorney for Defendant

8