IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ISMAIL ALI KHAN | Criminal Action No.<br><br>1:14-CR-197-SCJ-LTW<br>First Superseding |

**Government's Response to Defendant's Appeal of Detention Order**

The United States of America, by Sally Quillian Yates, United States Attorney, and William L. McKinnon, Jr., Assistant United States Attorney for the Northern District of Georgia, files this response to defendant's appeal of Magistrate Judge King's order detaining defendant without bond pending trial. The Government submits that the Court should find that there are no conditions or combination of conditions of pre-trial release that would assure defendant's appearance as required, therefore, defendant should be detained without bond pending trial. As good cause therefor, the Government submits the following:

**1. Introduction**

Defendant is charged in a multi-count superseding indictment with violations of Title 18, United States Code, Sections 371, 545, and 1425(a) and Title 21, United States Code, Sections 331 and 333. The Indictment alleges that defendant and

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

others engaged in a conspiracy to illegally import misbranded drugs, primarily the drug that is the active ingredient in the prescription drug commonly known as Viagra. The indictment also alleges that during the course of the conspiracy defendant made false statements to immigration authorities in an effort to become a naturalized United States citizen by stating that he had not committed a crime for which he had not been arrested, when he knew that he was engaged in the conspiracy and substantive offenses charged in the First Superseding Indictment.

Defendant was arrested on May 29, 2014. Upon defendant's arrest a pretrial services officer conducted an investigation into whether defendant should be granted a bond. The officer interviewed defendant, reviewed defendant's background and employment, and examined the nature of the offenses charged in the indictment. The pretrial services officer submitted a written report to Judge King that included the officer's conclusion that there were no conditions or combination of conditions that would assure the defendant's presence as required. Therefore, the pretrial services officer recommended defendant be detained without bond. (See Pretrial Services Report, page 4).

At defendant's initial appearance, the Government moved for detention. On June 3, 2014, after hearing a proffer from the Government and argument from both parties, Magistrate Judge King granted the Government's motion to detain defendant without bond. (Doc. 36).

After de novo review, but based upon the same reasons set forth in Judge King's order, this Court should find that there are no conditions or combination of conditions of pre-trial release that will assure defendant's appearance as required. Accordingly, the Court should affirm Judge King's detention order and order that defendant be detained without bond pending trial.

2. **Reasons for Detention**

   **A. Defendant's alienage, family ties to other countries, and the certainty that he will lose his United States citizenship and be deported, if he is convicted, provide a strong motive for defendant to flee, if he is released on bond.**

As Judge King noted in her order and is set out in the pretrial services report, defendant is a native of India. According to defendant he immigrated to the United States in 2007. According to defendant he has a brother who lives in Australia and a sister who lives in Denmark and he has aunts and uncles who still live in India. (Pretrial Service Report, page 1).

The First Superseding Indictment alleges that defendant's involvement in the conspiracy began on or about November 19, 2007, and continued through May 29, 2014, and that Counts Two through Eleven were committed before March 14, 2014. On March 14, 2014, defendant became a naturalized United States citizen. Therefore, according to the First Superseding Indictment defendant was engaged in the conspiracy and committed many of the substantive counts prior to his naturalization. Counts 24 through 29 of the First Superseding Indictment allege

that defendant made false statements to immigration authorities during the naturalization process. If defendant is convicted, then defendant will be denaturalized, i.e., his United States citizenship will be revoked.

If defendant is denaturalized, then defendant will be without lawful status in the United States. Defendant will have been convicted of offenses which immigration authorities consider to be aggravated felonies. Based upon defendant's lack of status and his felony convictions, defendant will certainly be deported from the United States, if he is convicted.

Defendant has a strong motive to flee to avoid prosecution and imprisonment, because defendant is aware that conviction will result in his deportation after he has served his sentence. By fleeing defendant would avoid imprisonment for the offenses he has committed in the United States.

Moreover, defendant has family ties in India, Australia, and Denmark. At the detention hearing the Government introduced travel records that showed that defendant traveled outside the United States on several occasions since he immigrated in 2007.

Judge King and the pretrial services officer recognized that the threat of denaturalization and eventual deportation was a strong motive for defendant to flee and that defendant has family ties in countries other than the United States. Judge King found this factor to be significant in her finding that no condition or combination of conditions would insure defendant's presence as required. The Government respectfully submits that this court should make the same finding.

**B. Defendant is now under investigation for marriage fraud which if established would lead to defendant losing his United States citizenship, thus, providing defendant with a further motive to flee.**

Defendant used his marriage to a United States citizen as the basis to adjust his status to a lawful permanent resident which is a necessary step before defendant could seek to become a naturalized citizen. According to the pre-trial services report, defendant represented that he and his wife lived at the address listed on the report with his sister and her family. (Pretrial Services Report, page 2). However, at the detention hearing the Government proffered that agents were advised by the manager at the apartment complex where defendant resided that although the woman to whom defendant is married signed the lease, no one at the apartment complex had seen her since the day the lease was signed. Moreover, since the detention hearing, a co-defendant has advised the Government that he met with defendant at defendant's residence nearly every day in 2013 while he was involved with defendant in the conspiracy. However, during that entire time the co-defendant never saw defendant's wife at defendant's residence.

It is further notable that defendant was arrested on Thursday May 29, 2014. At defendant's initial appearance, the Government moved for detention and requested a three day continuance for the detention hearing. The motion for a continuance was granted and a detention hearing was scheduled for Tuesday June 3, 2014. At the detention hearing defendant's attorney conceded that

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181
5

defendant's wife was not present. Therefore, despite having five calendar days' notice that a detention hearing was going to be held, defendant's wife did not appear at the detention hearing in support of her husband.

In support of her decision to grant the Government's motion for detention, Judge King noted in her order that there is an issue about whether defendant had engaged in a sham marriage for the purpose of naturalization.

Defendant's brother, Ahmed Ali Khan, is also a defendant in the instant case. His detention hearing was held before Magistrate Judge Alan Baverman. In support of his order detaining Ahmed Ali Khan, Judge Baverman found that defendant's brother was also under investigation for engaging in a sham marriage for immigration purposes. (Doc. 53).

Defendant has submitted an affidavit from his wife in which she alleges that the marriage is intact and is not a sham marriage engaged in for immigration purposes. However, defendant's wife has a motive to falsely represent that the marriage is not a sham, because she faces criminal liability if the marriage is determined to be a sham marriage engaged in to gain immigration benefits. Moreover, defendant's wife's affidavit does not change the fact that immigration authorities have now initiated an investigation into the legitimacy of defendant's marriage and that a finding that the marriage was a sham would be further grounds for defendant to lose his United States citizenship and be deported.

As was true above, defendant knows that he faces a substantial risk that he will lose his United States citizenship, and that if he does, he will be deported.

Therefore, if defendant is granted a bond, defendant has substantial motive to self-deport rather than stay in the United States and face being sentenced to prison.

### C. Defendant has the financial means to flee.

The investigation established that defendant and his brother were the organizers and leaders of the conspiracy. The other defendants worked for them as drivers and warehousemen. They picked up the shipments of merchandise at the direction of defendant and his brother, repackaged the contents of the shipments at the direction of defendant and his brother, and delivered the repackaged merchandise at the direction of defendant and his brother. The co-defendants were paid in cash by the hour. Defendant and his brother handled all of the business aspects of the conspiracy.

At the detention hearing the Government proffered that federal agents discovered bank accounts that defendant's brother opened which were used to send more than $2 million U. S. dollars to China over several years. Because the investigation determined that the illegal imports were coming from China, the Government contends that the $2 million was payment for the merchandise that was illegally imported. However, nearly all of the proceeds of the deposits made into these accounts were wire transferred to China. Only minimal balances were left in the accounts between wire transfers to China.

These are the only bank accounts for which the Government has records at this time. The conspiracy undoubtedly generated substantial income for defendant and his brother beyond the $2 million which was sent to China to pay for the merchandise. But the Government is not aware of where that money is now.

In her order Judge King recognized that defendant's unlawful conduct generated a substantial amount of unreported income that defendant may use to flee. Her conclusion was firmly rooted in an understanding that a criminal conspiracy that generated at least $2 million in proceeds which were used to pay for the illegal product certainly generated substantial income beyond the $2 million. That income is unaccounted for by the Government.

Therefore, it is clear that not only does defendant have a substantial motive to flee, but that defendant has substantial financial resources to flee and to support himself in his another country.

**D. The strength of the Government's case weighs in favor of detention.**

A factor that the Court must consider in determining whether to detain defendant is the strength of the Government's case. In her order Judge King found that defendant's business was not legitimate because of the way that the business operated, as alleged in the manner and means and overt acts sections of Count One. Defendant caused the shippers from China to mislabel the shipments of male enhancement products as coffee, tea, and beauty products. Defendant

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181
8

and his co-defendants used multiple mailbox facilities to receive the products. The mailboxes were opened in multiple business names that falsely stated the nature of the businesses that was using the mailboxes. The defendants would open multiple mailboxes on the same day in different locations under different business names. The defendants rented multiple storage facilities to store the merchandise. The storage facilities also were opened in fake business names. The defendants regularly moved their operation to different storage facilities to evade detection.

Judge King found defendant's fraudulent conduct to be a significant factor in her decision to detain defendant. Judge King was undoubtedly correct in concluding that the way defendant operated his business overwhelmingly establishes that defendant knew that what he was doing was a crime. Defendant caused the shippers to mislabel the shipments and defendant used multiple mailboxes opened in multiple business names to receive the product. Defendant caused the product to be stored at multiple storage units that were also opened using multiple business names. Defendant falsely stated the nature of the businesses to the stores where he rented the mailboxes and to the storage units where he stored the products. None of the businesses names that were used were legitimate businesses. At the time defendant and his co-defendants were arrested, federal agents executed search warrants on three storage units where defendant was storing the product. The agents seized more than one million pills that would be characterized as male enhancement products. If defendant

believed he was operating a legitimate business there would have been no reason for him to have taken the fraudulent steps he did in order to hide what he was really doing.

Therefore, the evidence against defendant is strong. Not only does this fact provide reason for the Court to detain defendant, but the strength of the Government's case provides further motive for defendant to flee to avoid conviction and imprisonment.

### E. Defendant's fraudulent conduct establishes that defendant likely will not abide by the conditions of pretrial release.

Defendant used fake business names and moved his operation repeatedly in order to evade detection by law enforcement. Defendant made false statements to immigration authorities in order to become a naturalized United States citizen. There is evidence that defendant committed marriage fraud in order to gain lawful status in the United States. Defendant falsely represented to the pretrial services probation officer that his wife lived with him at his residence in Decatur when the record establishes that she did not.

Defendant's conduct prior to and upon his arrest demonstrates that he is not trustworthy. Based upon defendant's history, there is no reason for the Court to believe that defendant will abide by the conditions of pretrial release and appear for trial as required.

## Conclusion

The pretrial services officer and Judge King concluded that there are no conditions or combination of conditions of pretrial release that will reasonably assure that defendant will appear for trial as required. In the foregoing pleading, the Government has demonstrated that defendant has substantial motive and the financial means to flee to avoid conviction, imprisonment, and deportation thereafter. Therefore, Court should affirm Judge King's order and detain defendant without bond pending trial.

Respectfully submitted,

SALLY QUILLIAN YATES
*United States Attorney*

/s/WILLIAM L. MCKINNON, JR.
*Assistant United States Attorney*
Georgia Bar No. 495812
William.mckinnon@usdoj.gov

600 U.S. Courthouse   75 Spring Street SW   Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

July 7, 2014

/s/ WILLIAM L. MCKINNON, JR.
WILLIAM L. MCKINNON, JR.
*Assistant United States Attorney*