# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CRIMINAL ACTION NO. |
| | : 1:14-CR-00197-SCJ-LTW-2 |
| ISMAIL ALI KAHN, | : |
| Defendant. | : |

## ORDER

This matter appears before the Court for consideration of a August 19, 2016 Report and Recommendation ("R&R") (Doc. No. [218]), in which The Honorable Linda T. Walker, United States Magistrate Judge, recommended that Defendant Ismail Khan's Motions to Suppress (Docs. No. [127], [132][1]) be denied. Pursuant to 28 U.S.C. § 636(b)(l), Federal Rule of Criminal Procedure 59(b)(2), Defendant timely filed his objections. Doc. No. [220]. The Court has read the transcripts of the suppression hearings in this case, as it is required to do, and this matter is now ripe for consideration. See United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (*per curiam*).

In reviewing the R&R, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which

---

[1] Defendants Ismail Khan and Ahmed Khan filed a joint motion to suppress. See Doc. No. [132]. Defendant Ahmed Khan has since pled guilty (see Docs. No. [232], [233]), and thus this order pertains only to Defendant Ismail Khan.

AO 72A
(Rev.8/82)

objection is made." 28 U.S.C. § 636(b)(1). In his objections to the R&R, Defendant objects to the Magistrate Judge's conclusions that he did not have a legitimate expectation of privacy in certain storage units and that the Food and Drug Administration ("FDA") special agents did not violate any constitutionally protected privacy right by looking inside the storage units from a ladder. See Doc. No. [220], pp. 3–7.[2] The Magistrate Judge found United States v. Hendrickson, 940 F.2d 320 (8th Cir. 1991) and United States v. Yaya, 797 F. Supp. 199 (E.D.N.Y. 1992), *vacated*, 22 F.3d 1092 (2d Cir. 1994) to be factually similar and found that the legal reasoning of those cases was persuasive. See Doc. No. [218], pp. 17–22. In his objections to the R&R, Defendant repeats his argument that "the reasoning" of Hendrickson and Yaya "do[ ] not survive [Florida v. Jardines, 569 U.S. ___, 133 S. Ct. 1409, 185 L. Ed. 2d 495 (2013)]." Doc. No. [220], pp. 3–7.

The Magistrate Judge considered and rejected Defendant's argument that Jardines "rendered Hendrickson and Yaya 'obsolete.'" Doc. No. [218], pp. 22–25. As the Magistrate Judge noted, the search in Jardines was of a "constitutionally

---

[2] Defendant largely agrees that the "report and recommendation gives a fair recitation of the procedural history of this case and the factual background." Doc. No. [220], p. 2. However, Defendant asserts that the R&R fails to "give enough credit to" the fact that the contents of the storage units "were not entirely illegal contraband." Id. Defendant also argues that the R&R "unfairly characterizes the managers of the storage units as being suspicious" of his activities. Id. p. 3. Neither of these factual arguments are relevant to the Court's legal conclusions, and thus they are not discussed.

2

protected area" — the curtilage of the defendant's private residence — and thus the majority opinion did not address whether the search "violated [the defendant's] expectation of privacy." 133 S. Ct. at 1413-17; see also Doc. No. [218], pp. 22-23. In this case, the dispute is over whether Defendant had a reasonable expectation of privacy in the storage units. The agents' observations were of commercial units not owned by Defendant, and thus Defendant bears a more difficult burden in establishing a reasonable expectation of privacy. See N.Y. v. Burger, 482 U.S. 691, 700, 107 S. Ct. 2636, 2642, 96 L. Ed. 2d 601 (1987) ("An expectation of privacy in commercial premises . . . is different from, and indeed less than, a similar expectation in an individual's home."); United States v. Cooper, 133 F.3d 1394, 1398 (11th Cir. 1998) (noting that the "individual challenging the search bears the burdens of proof and persuasion" of both manifesting "a subjective expectation of privacy in the invaded area" and demonstrating that the expectation is reasonable).

In his objections to the R&R, Defendant wholly fails to address the Magistrate Judge's reasons for rejecting his argument that Jardines affected the validity of Hendrickson and Yaya. See Doc. No. [220], pp. 3-7. Instead, Defendant simply argues that, "[u]nder the analysis of the [R&R]," a "plane overhead or a passing helicopter might be able to view the contents of [an individual's] bedroom through [a] skylight" without violating the Fourth Amendment. Doc. No. [220], pp. 5-6. First,

AO 72A
(Rev.8/82)

as noted above, an individual's expectation of privacy in their private home and their expectation of privacy in a commercial unit they do not own are quite different. See N.Y. v. Burger, 482 U.S. at 700. Second, the R&R considered and rejected this "slippery[-]slope argument," noting that "such observation would clearly require imaging devices not in use by the general public and would involve observations of areas in a private home not otherwise knowable without physical intrusion." Doc. No. [218], p. 24 n.11. The analysis of the R&R would, thus, not lead to the slippery-slope complained of by Defendant, because observations of a bedroom through a skylight by "a plane overhead or a passing helicopter" would clearly violate the Fourth Amendment. Jardines, 133 S. Ct. at 1413–17.

Here, the agents observed the contents of ten-foot-tall commercial storage units, which had "no more than mesh wiring covering their tops," by simply using "ladders available at the facilities." Doc. No. [218], pp. 25–26. The facts of this case are, thus, materially indistinguishable from the facts of Hendrickson and Yaya for the reasons explained by the Magistrate Judge. See Doc. No. [218], pp. 17–22. Defendant does not meaningfully distinguish Hendrickson or Yaya, but simply argues that the reasoning of those cases are not valid after Jardines, which the Court rejects for the reasons given above. See Doc. No. [220], pp. 3–7. The Court agrees with the reasoning and legal analysis of the R&R (Doc. No. [218]) and **ADOPTS** is as the

4

AO 72A
(Rev.8/82)

order of the Court. Defendant's objections to the R&R (Doc. No. [220]) are **OVERRULED**. Defendant's Motions to Suppress (Docs. No. [127], [132]) are **DENIED**.

**IT IS SO ORDERED**, this 23rd day of January, 2017.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)